## The People on the relation of Walter Crane v. The Judge of the Wayne Circuit Court.

*Bill of exceptions: Mandamus.* Where an exception is taken to a refusal to charge that there is no evidence tending to prove a certain point, the plaintiff in error, desiring to bring up for review this exception, is entitled to have incorporated into the bill of exceptions all the evidence bearing upon the point in question; and if the circuit judge refuses to so incorporate it, *mandamus* is the proper remedy.

*Heard and decided April 16.*

Application for *mandamus*.

The relator brought ejectment in the Wayne circuit court against Edwin Reeder and Eliza Reeder. He claimed under a deed from the state upon a purchase of the lands as escheated lands. On the trial the defendants introduced a large amount of evidence to show that in the sale and conveyance of the lands by the state board of escheats to the plaintiff, a fraud was committed upon the state. The plaintiff requested the court to charge the jury that "there is no evidence in this case tending to show that this deed is void as against the defendants on account of fraud;" which the court refused and the plaintiff excepted. The verdict and judgment were for the defendants and the plaintiff brought error. On settling the bill of exceptions the counsel were unable to agree; the plaintiff's counsel insisting that the whole evidence upon this subject should be incorporated in the bill of exceptions, and the defendants' counsel claiming that by the finding of the jury, upon certain special questions put to them, this point became immaterial in the case. The circuit judge refused to allow the evidence to be incorporated in the bill of exceptions, and the relator applies for *mandamus* to compel him to do so.

*D. B. & H. M. Duffield, Henry M. Cheever* and *Theodore Romeyn,* for the respondent.

*William P. Wells* and *S. T. Douglass,* for the relator.

CRANE v. JUDGE OF WAYNE CIRCUIT.

THE COURT held that where an exception is taken to a refusal to charge that there is no evidence tending to prove a certain point, the plaintiff in error, desiring to bring up for review this exception, is entitled to have incorporated into the bill of exceptions all the evidence bearing upon the point in question; and if the circuit judge refuses to so incorporate it, *mandamus* is the proper remedy.

*Mandamus* granted.

---

## Charlotte Cuming v. Charles Prang.

*Alleys: Title of abutters: Public rights: Title to gravel.* In an action for the value of certain gravel taken by defendant, partly from plaintiff's lot in the city of Grand Rapids, and partly from an adjoining alley between its center and the side adjoining the lot, it will be presumed, in the absence of any showing to the contrary, that the plaintiff's ownership extended to the center of the alley, subject only to the public right in the same as a highway, and for other public purposes; and that she was therefore owner of, and entitled to, the gravel to the center of the alley, with the right to take and remove the same to a depth which should not exceed the grade of the alley which might be adopted by the city authorities.

*Grading alleys: Removing the soil to fill up streets.* Whether this right is subject to the right of the city authorities to use any portion of the soil or gravel for the purpose of filling up any part of the alley within the block, to bring the alley to such grade as they should adopt:—*Quære?*

But the public authorities would have no right, as against the plaintiff, to remove such gravel entirely from the alley to fill up streets elsewhere in the city.

*Permission of common council to grade alleys: Removing soil to fill up streets.* Whether permission given by the common council of a city to owners of lots on one side of an alley, to grade the alley at their own expense and under their own management, would give such owners all the rights to the use of the soil on the opposite side of the alley, that the city would have possessed had the grading been done by the public authorities:—*Quære?*

Such permission would not give the right to a contractor employed by such lot owners, as against the plaintiff, who owns a lot on the opposite side of the alley, under pretense of grading the alley, to take the gravel adjoining plaintiff's lot, without her consent, and carry it off to fill up a street elsewhere, under a contract which he had with the city.

*Consent: License: Removing soil from alley.* Consent, on the part of the plaintiff, simply to the grading of the alley by such lot owners without charge upon her, without some proof of usage or custom to control or explain the meaning of this license and in the absence of any evidence that she, upon being called