MCINTIRE v. CARR.

APPEAL AND ERROR — CORRECTION OF BILL OF EXCEPTIONS — MOTIONS—SUPREME COURT—PRACTICE—MANDAMUS.

The proper practice to review the action of the circuit court in refusing to include in a bill of exceptions matter desired by appellant is by proposing an amendment to the bill as settled and reviewing by mandamus the refusal of the judge. It is not a correct method to move to remand the record for correction after the issuance of a writ of error.

Assumpsit by Arthur F. McIntire against Henry W. Carr. On motion of appellant to remand the record for amendment and correction. Submitted January 19, 1912. (Calendar No. 24,867.) Motion denied February 10, 1912.

*John A. McKay*, for the motion.

*Beach, O'Keefe & Rockwith, contra.*

BROOKE, J. A motion is made in this case by the appellant to remand the record for correction and amendment in certain specified particulars

It appears that in settling the bill of exceptions the circuit judge omitted to include therein certain matter which counsel for appellant believed to be material. To this ac-

tion of the court appellant excepted, but took no steps to review such action. He caused the bill of exceptions, as settled and signed by the judge, to be printed and the record to be filed in this court. He now asks us to remand that record for amendment. We do not understand this to be proper practice. A party aggrieved by the action of the circuit judge in settling a bill of exceptions should make a motion in the court below that the bill be amended in the desired particulars. Upon the denial of such motion, the action of the circuit court may be reviewed in this court by mandamus. *Crane* v. *Wayne Circuit Judge*, 24 Mich. 513, 3 Cyc. p. 52, and cases cited in note 48. If this course is followed, this court, upon consideration of the return to the order to show cause, is enabled to act intelligently, otherwise such action is not possible.

Touching the present application, from an examination of the proposed amendments in connection with the printed record now on file in this court, it would seem that the omitted matter, if it had been included in the bill of exceptions, would in no respect aid this court to a proper understanding of the questions involved.

The motion is denied, with costs.

Moore, C. J., and Steere, McAlvay, Blair, Stone, and Ostrander, JJ., concurred. Bird, J., did not sit.