SMITH *v.* DETROIT UNITED RAILWAY.

SAME *v.* SAME.

1. APPEAL AND ERROR—AN ASSIGNMENT OF ERROR HAVING NO BASIS IN RECORD WILL NOT BE CONSIDERED.
    Where the record shows no request or motion by appellant for a directed verdict in the trial court, and no amendment of, or addition, to, the bill of exceptions in this regard has been sought, the Supreme Court cannot consider an assignment of error, raised for the first time in this Court, that the trial court was in error in refusing to grant appellant's motion for a directed verdict.[1]

2. SAME—BILL OF EXCEPTIONS WILL NOT BE CORRECTED ON ERROR.
    The Supreme Court will not review, on error, appellant's claim that the trial judge, in settling the bill of exceptions, included, over its objection, testimony adduced by it, and declined at its request to strike out an assignment of error.[2]

Error to Oakland; Covert (Frank L.), J.    Sub-

[1]Appeal and Error, 4 C. J. § 1766 (1926 Anno); [2]Id., 4 C. J. § 1947.

mitted October 9, 1924. (Docket Nos. 44, 45.) Decided December 10, 1924.

Separate actions of case by Edgar D. Smith and Eleanor C. Smith, an infant, by her next friend, against the Detroit United Railway for personal and other injuries. The cases were consolidated. Judgments for plaintiffs. Defendant brings error. Affirmed.

*W. G. Fitzpatrick* (*James H. Lynch,* of counsel), for appellant.

*Baubie & Baubie* (*Philip H. Robinson,* of counsel), for appellees.

CLARK, C. J. Two cases were heard and submitted as one. To review judgments for plaintiffs, defendant brings error. Appellant says:

"The principal error complained of in this case was the refusal of the judge to direct a verdict on the conclusion of the plaintiffs' case."

This is based upon the following assignment of error:

"That the said court erred in refusing to grant defendant's motion made at the conclusion of the plaintiffs' cases requesting the said judge to direct a verdict in favor of the defendant of no cause of action."

The record shows no request or motion for a directed verdict in the trial court. No amendment of or addition to the bill of exceptions in this regard has been sought. The assignment has no foundation in the record. The question cannot be raised for the first time in this court. Hence we cannot consider it.

Error is assigned that the trial judge in settling the bill of exceptions included, over defendant's objection, testimony adduced by it and declined at its request to strike out an assignment of error. This

will not be reviewed on error.  *McIntire* v. *Carr*, 168 Mich. 462; *People, ex rel. Crane*, v. *Wayne Circuit Judge*, 24 Mich. 513; 2 Green's Mich. Prac. (3d Ed.), p. 1155; 2 Stevens' Mich. Prac. p. 482.

Judgments affirmed.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.